UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JESSE CRIPPS, SR.,<br><br>        Defendant. | 1:10-cr-00461-LJO<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND PRE-SENTENCE INVESTIGATION REPORT (ECF No. 49); DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 48); AND DENYING AS MOOT MOTION FOR COURT TO ACCEPT DECLARATION OF INABILITY TO PAY (ECF No. 47)** |

      Defendant Jesse Cripps is serving a 114-month sentence imposed following his guilty-plea conviction on 15 counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of money laundering, in violation of 18 U.S.C. § 1957(a). ECF No. 37. Defendant's sentence was upheld on direct appeal. ECF Nos. 44 & 45. He is currently incarcerated in the Federal Correctional Institution in Seogoville, Texas.

      On February 21, 2017, Defendant filed a motion to amend his presentence investigation report ("PSR"). ECF No. 49. According to Defendant's motion, in early August 2016, Defendant was admitted to the Federal Bureau of Prison's Residential Drug Abuse Program ("RDAP"). *Id*. at 1-2. Defendant

1

asserts that, in November 2016, after having participated in the RDAP program for more than 150 hours, Defendant was informed that he was no longer qualified for the RDAP program because his PSR "lacked the requisite specific drug detail required of [RDAP] program participants." *Id*. at 2. Defendant requests that the Court direct the Probation office to "schedule a teleconference call with [Defendant] as soon as possible . . . so that an addendum can be filed" to his PSR regarding his substance abuse history. Id. at 6. He also requests that the Court modify its judgment in this case to include either a recommendation for the RDAP program or an order for him to complete the RDAP program. *Id*. at 6-7.

Both of these requests would require modification of either the PSR and/or the judgment entered in this case. The Court lacks the authority to make or order others to make such modifications. Prior to the imposition of sentence, Federal Rule of Criminal Procedure 32(c) requires a probation officer conduct a presentence investigation and issue a report—the PSR—which the district court must consider in sentencing. *See* Fed. R. Crim. P. 32(c). At least 35 days prior to sentencing, the PSR must be disclosed to the defendant and his attorney, *see* Fed. R. Crim. P. 32(e), and the district court must determine at sentencing whether defendant and his attorney have had the opportunity to read and discuss the report, Fed. R. Crim. P. 32(i). Rule 32(f) provides that within 14 days after receiving the PSR, a defendant may make objections to "material information, sentencing guideline ranges, and any policy statements contained in or omitted from the report." "[F]or any disputed portion of the presentence report or other controverted matter-[the court must] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

Once the district court has heard objections to the report and has imposed a sentence, the district court's jurisdiction over the defendant becomes limited. A "district court has no jurisdiction under Fed. R. Crim. P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed." *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988) (Rule 32 allows challenge to presentence report during imposition of sentence, not later). Nor is there any other Rule of Criminal Procedure that

provides for post-sentence correction/amendment of a PSR under the circumstances presented here. *Compare* Fed. R. Crim. P. 35(a) (district court may correct a sentence that resulted from "arithmetical, technical, or other clear error" within 14 days after imposition of sentence) *with* Fed. R. Crim. P. 36 (Court may correct a "clerical error" in a judgment at any time). Therefore, for anything other than a "clerical error," challenges to or requests to amend a PSR submitted more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge, such as a motion to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). Here, although pro se pleadings must be construed liberally, Defendant has explicitly indicated that he does not wish his request to be construed as a Section 2255 Motion. ECF No. 49 at 4 (Defendant suggesting the circumstances of this case are similar to those presented in the Section 2255 Motion addressed in *Galle v. Clark*, 346 F. Supp. 2d 1052 (N.D. Cal. 2004), and explicitly indicating he is "<u>NOT</u> seeking habeas relief"). For all these reasons, the Court lacks jurisdiction to consider Defendant's requests regarding the PSR and judgment in this case.[1]

Defendant also filed a request for appointment of counsel in connection with his motion to amend the PSR. ECF No. 48. There currently exists no absolute right to appointment of counsel in the context of collateral attacks to a conviction. *See Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir.1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"); *see also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (no right to counsel when bringing a motion to correct sentence pursuant to 18 U.S.C. § 3582(c)). While 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require," because the Court has found Defendant's motion to amend his PSR to be jurisdictionally defective, the Court does not find that the interests of justice would be served by the appointment of counsel at the

---

[1] To the extent Defendant suggests that the Court could override the decision made by the Bureau of Prisons ("BOP") to remove him from RDAP, as his motion argues "it is quite possible that this Court could make a similar Order to re-instate [Defendant] back into the RDAP program," the Court advises Defendant that it lacks the authority to do so. The BOP has sole authority and discretion over eligibility for and removal from RDAP. 18 U.S.C. § 3621(e)(5)(B); *see also Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) ("The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.").

present time.

Finally, Defendant filed a document entitled "Motion for the court to accept Declaration of inability to pay," ECF No. 47, along with a Declaration of inability to pay, ECF No. 46. The Court construes this as an application to proceed in forma pauperis. Because Defendant's motions were filed in a criminal matter, no filing fee is required. Therefore, Defendant's motion to proceed in forma pauperis is denied as moot.

IT IS SO ORDERED.

    Dated:   **March 27, 2017**                        /s/ Lawrence J. O'Neill
                                                                       UNITED STATES CHIEF DISTRICT JUDGE